Chief Justice Robertson
delivered the opinion of the Court.
This was a proceedingagainst Sinclair, for ‘‘a forcible entry and detainerThe jury in the country found him guilty of the “forcible detainer.” On a traverse, the jury in the circuit'court, found him guilty of “the forcible entry;” and the court therefore, rendered judgment for restitution.
The verdict did not respond ip the issue.
There is an essential and specific difference "between a forcible entry, and a forcible detainer.
As the jury in the country, found a verdict for a forcible detainer, the only issue, involved in the traverse, in the circuit court, was, whether Sinclair was guilty of a forcible detainer. This issue, has not been tried by the jury. They found Sinclair guilty of a forcible entry only, and, therefore, not only acquitted him of the charge of a forcible detainer, but found him guilty of that, with which he was not charged in the circuit court.
The judgment is, therefore, erroneous. See Cammock vs. Macey, III. Marshall, 296.
If Sinclair entered peaceably when the possession was vacant, he was not guilty of a forcible entry. As the evidence conduced to shew, in some degree, that refusing he did so enter, the court erred in struct the jury, on his motion, that, if he EaakeJhis entry, he was not guilty of p forcible entry. to in-' did thus
j\/jills^gromn anc| g. Chambers, for appellant; Sanders, for appellee.
Judgment reversed, and cause remanded for a new trial*